

ENTERED
02/15/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| TEKOIL & GAS CORPORATION, | ) | CASE NO. 08-80270-G3-11 |
| Debtor, | ) | |
| WILLIAM G. WEST, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 10-8031 |
| RICHARD CREITZMAN, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

The court has held a pretrial conference with respect to the above captioned adversary proceeding, and has considered the "Motion for Entry of Default Judgment" (Docket No. 9) filed by the Plaintiff. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Tekoil & Gas Corporation ("Tekoil") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 10, 2008. Tekoil's subsidiary, Tekoil and Gas Gulf Coast, LLC ("Gulf

Coast") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 29, 2008.  The Tekoil and Gulf Coast (collectively, "Debtors") cases were jointly administered, by order entered on October 1, 2008.

The joint plan proposed by Debtors was confirmed, by order entered on March 24, 2010.  The plan created a creditor trust, and transferred to that trust, <u>inter alia</u>, avoidance actions.  The plan named William G. West as the trustee of the creditor trust (Docket No. 546, Case No. 08-80270-G3-11).

In the instant adversary proceeding, West, as trustee of the creditor trust ("Plaintiff") seeks avoidance and recovery of what Plaintiff alleges to be preferential and/or fraudulent transfers to Richard Creitzman ("Defendant").  Plaintiff also objects to Creitzman's scheduled claim.  Defendant has not appeared in the instant adversary proceeding.

In the complaint in the instant adversary proceeding, Plaintiff asserts that Defendant is a resident of the United Kingdom who may be served with the complaint and a summons under the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention").

In the instant motion, Plaintiff seeks entry of a default judgment against Defendant for $1,405,573.88, plus attorney fees and costs of $491,950.85, prejudgment and postjudgment interest, and disallowance of Defendant's claim.

2

The instant motion is supported by

1)   a proof of service, dated June 11, 2010, signed by counsel for Plaintiff, indicating that Defendant was served by "Mail service:  Regular, first class United States mail and certified mail, return receipt requested, postage fully pre-paid, addressed to" Defendant, in care of the Senior Master of the Foreign Process Department in the Royal Courts of Justice for the United Kingdom, and also addressed to Defendant directly at a flat in London, United Kingdom;

2)   a certificate of the Senior Courts of England and Wales, Foreign Process Section, indicating that the summons and complaint were not served, because Defendant was not known at the given address;

3)   an affidavit of Plaintiff's counsel, stating that Defendant was served as stated in the proof of service dated June 11, 2010, that Defendant is not in service in the United States military, and that counsel was retained on a 35 percent contingent fee;

4)   a printed version of what purports to be a portion of the Hague Convention;

5)   an unauthenticated copy of what purports to be a complaint filed in state court in Florida, by eighteen plaintiffs, including the Defendant in the instant adversary proceeding, including a paragraph pleading that Defendant is a resident of the United Kingdom.

(Docket No. 9).

At the hearing on the instant motion, counsel for Plaintiff argued that, notwithstanding that process was not served through the courts of the United Kingdom, that service is nonetheless effective under Section 10(a) of the Hague Convention based on the mail sent directly to Creitzman at the address in London listed in the proof of service dated June 11, 2010.

3

Conclusions of Law

Under Rule 4(f)(1) Fed. R. Civ. P., as made applicable by Rule 7004(a)(1), an individual in a foreign country may be served "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention."

Article 10(a) of the Hague Convention does not permit parties to effect service of process on foreign defendants by mail.  Nuovo Pignone SpA v. Storman Asia M/V, 310 F.3d 374 (5th Cir. 2002).  As the Fifth Circuit stated:

> The Hague Convention sets forth permissible methods of effecting service. Articles 2 through 7 require each signatory nation to establish a "Central Authority" to act as an agent to receive request of service, arrange for service of documents, and return proofs of service. Article 8 permits the use of diplomatic agents to serve foreign defendants. Article 9 permits diplomatic agents to forward documents to designated authorities in receiving nations who, in turn, effect service on the proper parties.
>
> The parties disagree over the interpretation of article 10(a), which states in context:
>
> Provided the State of designation does not object, the present Convention does not interfere with
>
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of designation,
>
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials, or

other competent persons of the State of destination.

310 F.3d, at 383.

In the instant adversary proceeding, service on Creitzman through the central authority was ineffective. Service through the mail is not permissible. The court concludes that service is ineffective. Accordingly, the motion for default judgment should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Motion for Entry of Default Judgment" (Docket No. 9) filed by the Plaintiff.

Signed at Houston, Texas on February 15, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE